UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT BEARDSLEY,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

Case No. 12-cv-11167

HONORABLE STEPHEN J. MURPHY, III

**ORDER ADOPTING REPORT AND RECOMMENDATION** (docket no. 18),
**GRANTING PLAINTIFF'S MOTION FOR REMAND** (docket no. 11), **DENYING
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** (docket no. 16),
**AND REMANDING THE DECISION OF THE COMMISSIONER**

Plaintiff Robert Beardsley filed his complaint seeking review of the final decision of the Commissioner of Social Security ("Commissioner"), which denied his application for a period of disability, disability insurance benefits, and supplemental security income. The matter was referred to a United States magistrate judge for the issuance of a report and recommendation. Plaintiff filed a motion to remand and the Commissioner filed a motion for summary judgment. The magistrate judge recommends denying the Commissioner's motion, granting Plaintiff's motion, and remanding the action to the Commissioner for further proceedings under Sentence Four of 42 U.S.C. § 405(g). The Commissioner filed objections to this recommendation. For the reasons that follow, the Court will overrule the Commissioner's objection, adopt the magistrate judge's report and recommendation, and remand the case for further proceedings.

## BACKGROUND

Plaintiff filed his application for Social Security disability benefits on June 10, 2008, alleging he had been disabled beginning May 15, 2007, as the result of impairments including "chronic obstructive pulmonary disease (COPD), type 1 bipolar disorder, personality disorder not otherwise specified with antisocial traits, and polysubstance abuse disorder, currently in remission." ALJ Decision Tr. 11 & 13, ECF No. 7-2. His claim was initially denied on August 19, 2008. *Id.* at 11. Thereafter, an administrative law judge ("ALJ") held a hearing on the matter and denied his claims in a written decision on December 30, 2010. *Id.* at 20. The Appeals Counsel denied his request for review on March 6, 2012, making the decision of the ALJ the final decision of the Commissioner. *Id.* at 1-5. Plaintiff now seeks judicial review of this decision pursuant to 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3). Compl. ¶ 4, ECF No. 1.

## STANDARD OF REVIEW

Civil Rule 72(b) governs the Court's review of the magistrate judge's report and recommendation. Fed. R. Civ. P. 72(b)(2). The Rule requires a district judge who refers a dispositive motion to conduct a de novo review of the parties' "specific written objections to the proposed findings and recommendations." *Id.*

Here the referred motions pertain to a final administrative decision of the Commissioner of Social Security. The Court reviews the Commissioner's final administrative decision pursuant to 42 U.S.C. § 405(g). This review is not de novo, but instead, the "Court must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." *Longworth v. Comm'r of Soc. Sec.*,

402 F.3d 591, 595 (6th Cir. 2005) (quoting *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004)) (internal quotation marks omitted). Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rogers v. Comm'r of Soc. Sec.,* 486 F.3d 234, 241 (6th Cir. 2007) (internal quotation omitted). The substantial evidence standard "presupposes that there is a zone of choice within which the decisionmakers can go either way, without interference by the courts." *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir.1986) (en banc) (internal quotes and citations omitted). Thus, when there is substantial evidence to support the Commissioner's decision, the Court "will defer to that finding 'even if there is substantial evidence in the record that would have supported an opposite conclusion.'" *Longworth,* 402 F.3d at 595 (quoting *Warner*, 375 F.3d at 390).

## DISCUSSION

In rendering her decision, the ALJ employed the five-step sequential evaluation process established by the Social Security Administration for determining whether an individual is disabled. ALJ Decision at Tr. 12. The ALJ found at step three that Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the impairments listed in the regulations. *Id.* at 14. The ALJ then found that the Plaintiff has the residual functional capacity to perform medium work with some restrictions. *Id.* at 17. In reaching this conclusion, the ALJ addressed Plaintiff's treating psychiatrist's opinion as follows:

> the claimant's treating physician, Ann M. Tadeo, M.D., opined that the claimant would be unable to return to work on a permanent basis (Exhibits 13B and 9F). I find the severity of Dr. Tadeo's opinion unsupported by the

>whole of the record. I note that she lacks the treatment records to substantiate such an opinion. In fact, although her records diagnosed the claimant with a bipolar and personality disorder, the records appear to be internally inconsistent; for example, while concluding the claimant was mentally impaired, she noted he denied any depressive episodes and that he was pleasant and cooperative. Based upon the foregoing, I afford the opinion of Dr. Tadeo little weight when assessing the claimant's residual functional capacity.

*Id.* at 19. She then addressed the opinion of the State agency psychological consultant noting that this opinion "found the claimant's understanding and memory, capacity for sustained concentration and persistence, and social interactions moderately limited" and found that the Plaintiff "retained the mental capacity to perform work comprised of step one and step two tasks on a sustained basis." *Id.* The ALJ gave this opinion "great weight because it remains consistent with the whole of the objective medical evidence." *Id.* She then determined in light of his residual functional capacity, Plaintiff could perform his past relevant work as a machine operator and was, therefore, not disabled within the meaning of the Social Security Act. *Id.* at 20.

Plaintiff argues that his case should be remanded because the ALJ erred by failing to properly evaluate the opinion evidence of his treating psychiatrist, Dr. Tadeo, when she rejected Dr. Tadeo's position and adopted the opinion of a non-examining state disability consultant. Pl. Mot. Summ. J. 3, ECF No. 11. Plaintiff submits that because the ALJ failed to comply with the Social Security regulations for evaluating treating source medical opinions, her decision is not supported by substantial evidence. *Id.* at 8. After reviewing the record and motions of both parties, the magistrate judge agreed with the Plaintiff's position. Report 12, ECF No. 18. The magistrate judge found that although the ALJ was entitled to afford greater weight to the State agency psychological consultant's opinion, "she provided

no basis for her decision other than to say that it 'remains consistent with the whole of the objective medical evidence,'" and "[s]uch a general statement is insufficient to support the ALJ's decision as it is not sufficiently specific to explain the reasoning behind the decision." *Id.* Defendant objects to this finding and argues that the "the ALJ provided more than adequate reasoning for assigning this treating physician's opinion limited weight." Def. Obj. 2, ECF No. 19.

"An ALJ must give the opinion of a treating source controlling weight if he finds the opinion 'well-supported by medically acceptable clinical and laboratory diagnostic techniques' and 'not inconsistent with the other substantial evidence in [the] case record.'" *Wilson v. Comm'r of Soc. Sec.,* 378 F.3d 541, 544 (6th Cir. 2004) (citing 20 C.F.R. § 404.1527(d)(2)). Here the ALJ found that Dr. Tadeo's opinion was "unsupported by the whole of the record" and "lack[ed] the treatment records to substantiate" the opinion. ALJ Decision at Tr. 19. Thus, the ALJ was not required to give Dr. Tadeo's opinion controlling weight. But when "the opinion of a treating source is not accorded controlling weight, an ALJ must apply certain factors—namely, the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability of the opinion, consistency of the opinion with the record as a whole, and the specialization of the treating source—in determining what weight to give the opinion." *Wilson,* 378 F.3d at 544. Additionally, "a decision denying benefits 'must contain specific reasons for the weight given to the treating source's medical opinion, supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight.'" *Id.* (quoting Soc. Sec. Rul.96-2p, 1996 WL 374188, at *5 (1996)). The

ALJ's decision fails to provide clear reasoning for the weight assigned Dr. Tadeo's opinion, and does not discuss what impact the above listed factors had on the assessment other than minimally addressing the consistency of the opinion with the whole record. ALJ Decision at Tr. 19. "[F]ailure to follow the procedural requirement of identifying the reasons for discounting the opinions [of a treating physician] and for explaining precisely how those reasons affected the weight accorded the opinions denotes a lack of substantial evidence, even where the conclusion of the ALJ may be justified based upon the record." *Rogers,* 486 F.3d at 243. And "[a] court cannot excuse the denial of a mandatory procedural protection simply because, as the Comissioner urges, there is sufficient evidence in the record for the ALJ to discount the treating source's opinion and, thus, a different outcome on remand is unlikely." *Wilson,* 378 F.3d at 546. Although the Court agrees with the magistrate judge's assessment that remand in this case "may ultimately be an exercise in formality," it is necessary for meaningful appellate review. Report at 12. Accordingly, the Court will remand this matter for the ALJ to address the reasons for the weight assigned to the opinions of Dr. Tadeo and the state agency reviewing physician.

### ORDER

**WHEREFORE**, it is hereby **ORDERED** that the Commissioner's objection (docket no. 19) is **OVERRULED** and the magistrate judge's report and recommendation (docket no. 18) is **ADOPTED**.

**IT IS FURTHER ORDERED** that Plaintiff's motion for remand (docket no. 11) is **GRANTED**, the Commissioner's motion for summary judgment (docket no. 16) is **DENIED**

and this matter is **REMANDED** to the Commissioner for further proceedings consistent with this Order and the Report and Recommendation of the magistrate judge.

    **SO ORDERED**.

                                      s/Stephen J. Murphy, III
                                      STEPHEN J. MURPHY, III
                                      United States District Judge

Dated: March 18, 2013

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on March 18, 2013, by electronic and/or ordinary mail.

                                      Carol Cohron
                                      Case Manager